FILED
2013 May-22 PM 12:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

| | | |
|---|---|---|
| **WALTER R. HUFF,** | ) | |
| **MARTHA J. HUFF,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Case No.: 4:13-CV-495-VEH** |
| **v.** | ) | |
| | ) | |
| **COUNTRYWIDE HOME LOANS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

# MEMORANDUM OPINION AND ORDER

## I. Procedural History and Background.

This action was commenced on by Plaintiffs, Walter R. Huff and Martha J. Huff (collectively, the "Huffs"), who are proceeding *pro se*, on or about February 8, 2012, against Countrywide Home Loans, Inc. ("Countrywide"), in the Circuit Court of Etowah County, Alabama, Case No. CV-2013-000012 (Verified Complaint To Quiet Title, doc. 1-1). On March 13, 2013, Countrywide removed the case to this court based on diversity citizenship. (Notice of Removal, doc. 1). Countrywide was served with the Summons and Complaint on February 12, 2013. (Doc. 1 ¶ 4). Thus, removal was timely.

Also on March 13, 2013, Countrywide filed a Motion To Dismiss the Huffs'

Complaint. (Motion To Dismiss, doc. 2). By Order entered March 18, 2013, the court explicitly advised the Huffs that they must respond to the Motion To Dismiss no later than May 13, 2013, and set a May 28, 2013, deadline for Countrywide to reply.

The Huffs timely responded on May 9, 2013. (Doc. 9). In their response, the Huffs: (1) opposed Countrywide's Motion To Dismiss; (2) asked this court to remand this action to state court; (3) clarified that their only claim is for quiet title; and (4) sought leave of court to amend if the court found their Complaint to be insufficiently stated.

The deadline for Countrywide to reply to this response has not yet passed. However, the court finds that such reply is not needed in order for the court to rule on the pending motions.

Because the Huffs have challenged the court's subject matter jurisdiction, the court will take up that issue first. The court will then address the motion to dismiss. Finally, the court will address the Huffs' request for leave to amend.

## II. **Diversity Jurisdiction Exists.**

In the Notice of Removal, Countrywide asserts that the Huffs are citizens of the State of Alabama. The Huffs do not dispute this fact. Countrywide also asserts that the amount in controversy exceeds $75,000, and the Huffs also do not dispute

this fact.[1]

The Huffs do dispute, however, that diversity of citizenship exists. Specifically, the Huffs "seek an order from this Court that this was NOT the court of proper jurisdiction, [and] that the Court remand the matter to State Court ...." (Doc. 9 at p. 5) (emphasis by capitalization in original). "The face of the complaint clearly shows that COUNTRYWIDE ... is registered to do business and doing business in ALABAMA, simply has is [sic] no diversity of jurisdiction [sic] from the plaintiffs, both residents of ALABAMA, which would entitle the Defendants [sic] to removal." (*Id*. at pp. 5-6) (capitalization in original). Thus, the Huffs do not dispute that "Countrywide is a corporation that is now, and was at the time of the commencement of this action, a company organized and existing under the laws of New York with its principal place of business in California." (Doc. 1 ¶ 8). Rather, they argue that because Countrywide is "registered to do business and doing business in ALABAMA," diversity jurisdiction is lacking.

However, the Huffs are simply wrong. It is the parties' citizenship, and not mere presence in a state, that controls whether or not the diversity that is required for federal jurisdiction exists. The federal diversity jurisdiction statute requires that the controversy must be "between-citizens of different states." 28 U.S.C. §

---

[1] Venue is not contested, and the court explicitly finds that venue is appropriate.

1332(a)(1). The diversity statute further provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Supreme Court has recently confirmed that "the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities ... [often called] the corporation's 'nerve center'." *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1186, 175 L. Ed. 2d 1029 (2010). "The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it." (*Id*. at 1194) (citing, *inter alia*, *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936)). The Huffs have failed to challenge Countrywide's allegation of the location of either Countrywide's state of incorporation (New York) or principal place of business (California). Consequently, diversity jurisdiction has been sufficiently shown at this time, and the Huffs' motion to remand, contained within their opposition, doc. 9, accordingly is due to be **DENIED**.

**III. Subject Matter Jurisdiction.**

A. Subject Matter Jurisdiction Generally.

This court's judicial authority is limited by the Constitution to resolution of "cases" and "controversies." U.S. Const. Art. III, § 2. Moreover, the court has an ongoing obligation to, sua sponte, analyze and determine whether it has before it a justiciable case or controversy. See Fitzgerald v. Seaboard System R.R., 760 F.2d 1249, 1251 (11th Cir. 1985) ("We always must investigate questions of subject matter jurisdiction, whether or not they are raised by the parties to the case."). Whether a case or controversy exists turns on "'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Wendy's Intern, Inc. v. City of Birmingham, 868 F.2d 433, 436 (11th Cir. 1989) (quoting Maryland Casualty Co. v. Pacific Oil Co., 312 U.S. 270, 273 (1941)).

**B.** The Huffs' Declaratory Judgment Claim Does Not Present a Case or Controversy.

"A quiet title action determines the rights and interests in land as between plaintiffs and defendants. § 6-6-540, Code 1975." *Holcomb v. Morris*, 57 So. 2d 973, 976 (Ala. Civ. App. 1984). However, in order for this court (or any Alabama state court) to have jurisdiction over such an action, it first must state a justiciable controversy. "All that is required for a declaratory judgment action is a bona fide justiciable controversy." *Gulf South Conference v. Boyd*, 369 So. 2d 553, 557 (Ala.

1979). A controversy is justiciable where present "legal rights are thwarted or affected [so as] to warrant proceedings under the Declaratory Judgment statutes." *Town of Warrior v. Blaylock*, 275 Ala. 113, 114, 152 So. 2d 661, 662 (1963) (alteration added). Thus, "[d]eclaratory judgment proceedings will not lie for an 'anticipated controversy.' " *City of Dothan v. Eighty-Four West, Inc.,* 738 So. 2d 903, 908 (Ala. Civ. App. 1999) (alteration added). "However, the parties should not be compelled to wait until the events giving rise to liability have occurred before having a determination of their rights and obligations." *Id.*; *see Morton v. Allstate Ins. Co.*, 486 So. 2d 1263, 1269 (Ala. 1986).

The complaint alleges that a cloud on the title to property owned by the Huffs currently exists as the result of an invalid mortgage encumbrance. The complaint does not allege that Countrywide, the mortgagee, has sought to foreclose on the mortgage by selling the Huffs' property. Even accepting the Huffs' allegations as true, the court concludes that no substantial rights of the parties are currently affected and that the complaint fails to invoke jurisdiction under the Alabama Declaratory Judgment Act. Therefore, to the extent that the Huffs assert a claim for declaratory relief, this action is due to be dismissed *sua sponte* for lack of a justiciable case or controversy. *Cf. Creola Land Development, Inc. v. Bentbrooke Housing, L.L.C.*, 828 So. 2d 285, 288 (Ala. 2002) (justiciable case or controversy

existed to invoke Declaratory Judgment Act where plaintiff alleged both an invalid mortgage and that the mortgagee had attempted to foreclose).

## IV. The Complaint Fails To State a Claim upon which Relief Can Be Granted.

Even if the court were to consider the Huffs' complaint as seeking more than declaratory judgment, the court still would find that the Huffs have failed to state any claim with the factual specificity required by FED.R.CIV.P. 12(b)(6).

"[A] court should only grant a motion to dismiss [under Rule 12(b)(6)] where the defendant demonstrates that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). "Moreover, when ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts [and reasonable inferences drawn from those facts] as true." *Id.* (emphasis added). A court looks to the facts alleged in the plaintiff's complaint, and not its merely conclusory statements, when ruling on a motion to dismiss. Thus, to survive a motion to dismiss for failure to state a claim, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. Mere conclusory statements in support of a threadbare recital of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

Here, the Huffs have alleged that Countrywide recorded a mortgage on property owned by them. However, they have alleged no facts which show that such recordation violated any law or any duty owed by Countrywide to the Huffs. They have further alleged that Countrywide "securitized" the loan and mortgage and that this securitization causes the loan and mortgage to be paid in full. However, as explained by Countrywide in its initial brief, the transfer of a negotiable instrument, such as the promissory note secured by the Huffs' mortgage, is expressly permitted under the Alabama Commercial Code. The Huffs have further alleged that Countrywide committed "bank fraud, mail fraud, wire fraud, deception and conspiracy in their operation and handling of the Plaintiffs['] and other loans; that Plaintiffs and others detrimentally and justifiably relied on the conduct and representations of the Defendants; and in so doing Plaintiffs were irreparably harmed." (Doc. 1-1 ¶ 8). However, the Huffs have no standing to assert complaints about how "others" were treated, and they have not alleged any facts as to the

"time, place, and substance of [Countrywide's] alleged fraud." *Hopper v. Solvay Pharms., Inc.*, 588 F.3d 1318, 1324 (11th Cir. 2009). The Huffs further allege that "MERS and Countrywide conspired to commit the acts complained of herein, and in so doing, acted to further the conspiracy by means of interstate commerce and by use of interstate mail or other means of public mail." (*Id.* ¶ 9). However, they have not alleged any facts as to the time, place, and substance of this conspiracy either. In any event, an allegation of a conspiracy, standing alone, that is, without alleging a wrongful act, fails to state a cause of action.[2]

In sum, the Huffs have entirely failed to allege acts or omissions by Countrywide (or non-party MERS) which, taken as true, state a cause of action against Countrywide. Therefore, the motion to dismiss is due to be **GRANTED** as to all of the Huffs' claims.

---

[2] [U]nder Alabama law, a civil conspiracy claim is cognizable only insofar as the underlying ... cause of action is actionable. *See, e.g., Prill*, 23 So. 3d at 11 ("A plaintiff alleging a conspiracy must have a valid underlying cause of action.") (citation omitted); *Hooper v. Columbus Regional Healthcare System, Inc.*, 956 So. 2d 1135, 1141 (Ala. 2006) ("The gist of an action alleging civil conspiracy is not the conspiracy itself but, rather, the wrong committed," and "if the underlying wrong provides no cause of action, then neither does the conspiracy.") (citations omitted).

*Ford v. Central Loan Admin.*, No. 11-0017-WS-C, 2011 WL 4702912 at *7 (S.D.Ala. Oct. 5, 2011).

Finally, to the extent that the Huffs are asserting a claim in fraud, they have failed to comply with the requirements of FED. R. CIV. P. 9(b), which requires that claims for fraud be stated "with particularity." *Id.*[3] Particularity means that "a plaintiff must plead 'facts as to time, place, and substance of the defendant's alleged fraud,' specifically 'the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them." *U.S. ex rel. Clausen v. Laboratory Corp. of America, Inc.,* 290 F.3d 1301, 1310 (11th Cir. 2002) (quoting *Cooper v. Blue Cross & Blue Shield of Fla., Inc.*, 19 F.3d 562, 567-68 (11th Cir. 1994) (citing *Durham v. Bus. Mgmt. Assoc.*, 847 F. 2d 1505 (11th Cir. 1988))). Therefore, the Motion To Dismiss is due to be **GRANTED** as to the Huffs' fraud claims on this additional alternative basis.

## V. Leave To Amend.

The Huffs are proceeding *pro se*. Further, they have specifically sought leave to amend, in the event that the court found their pleadings deficient. (Doc. 9 at p. 13). Therefore, the court will dismiss this action, subject to the Huffs' right to file

[3] Rule 9(b) states, in its entirety:

> (b) Fraud or Mistake; Conditions of Mind. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

FED. R. CIV. P. 9(b).

an amended complaint that fully complies with the requirements of the Federal Rules of Civil Procedure. The court specifically calls to the Huffs' attention the deficiencies in their pleadings as pointed out in this Memorandum Opinion and as previously set out in the court's Order dated March 18, 2013, doc. 6 in the court file.

## VI. Conclusion.

For all of the foregoing reasons, the court hereby orders as follows:

1. The Huffs' motion to remand is hereby **DENIED**.
2. The Huffs' declaratory judgment claim[s] are hereby **DISMISSED** without prejudice for lack of subject matter jurisdiction;
3. Countrywide's Motion To Dismiss is **GRANTED,** and all of the Huffs' claims are dismissed without prejudice for failure to state a claim;
4. In lieu of dismissing this action in its entirety, the Court grants the Huffs' request for leave to amend their complaint to afford them an opportunity to correct the enumerated defects;
5. On or before June 12, 2013, the Huffs must file their Amended Complaint, **failing which this action will be dismissed in its entirety**; and

6. Countrywide's Rule 12(b) motion or responsive pleading must be filed not later than 14 days after the filing of the Huffs' Amended Complaint.

**DONE** and **ORDERED** this the 22nd day of May, 2013.

**VIRGINIA EMERSON HOPKINS**
United States District Judge